**CITY OF SAN ANTONIO, Appellant,**

v.

**BEXAR METROPOLITAN WATER DISTRICT, Appellee.**

No. 13304.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 22, 1958.

Rehearing Denied Feb. 12, 1958.

Carlos C. Cadena, City Atty, A. W. Worthy, Jr., Asst. City Atty., San Antonio, for appellant.

Arley V. Knight, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by the City of San Antonio, hereinafter referred to as City, against Bexar Metropolitan Water District, hereinafter referred to as District, both municipal corporations, seeking a declaratory determination of the question of whether the City can require the District, at its expense, to conform its water mains in the City streets to improvements in such streets made by the City.

The trial court held that the District could be required to so conform its mains but that the City must pay the cost thereof, from which judgment the City has appealed. Appellant contends that the trial court erred in holding that it must pay such costs.

The facts are undisputed. The District was created by a special legislative act in 1945. Since 1945 a major part of the area served by the District has been annexed and is now within the corporate limits of the City. The City is engaged in a street improvement program which includes streets under which the District has placed some of its mains and other water lines. Some of the District's lines require lowering or other modification, to conform to the street improvements of the City. The City requested that the District make these changes, to which the District agreed, but only if the City would reimburse it for the costs.

■ The main purposes of roads and streets are for travel and transportation, and while public utilities may use such roads and streets for the laying of their telegraph, telephone and water lines, and for other purposes, such uses are subservient to the main uses and purposes of such roads and streets.

■ The City of San Antonio, by statute and by the provisions of its charter, has control of its streets and can regulate their use by utility companies or anyone else.

Art. 1175, Secs. 12 and 16, Vernon's Ann. Civ.Stats; City Charter of the City of San Antonio, Sec. 3, paragraphs 7 and 8, Sec. 29, Sec. 128, Sec. 134, paragraph 9; Consolidated Water Co. v. City of Talco, Tex. Civ.App., 116 S.W.2d 411.

It is true that at the time the District laid its water lines in the public thoroughfares they were not within the limits of the City of San Antonio, but the City has now extended its limits to include these thoroughfares. The District was charged with the knowledge that if it saw fit to lay its lines in public roads, it did so subject to reasonable regulation by either the County or the City, as the case might be. The District was bound to realize that these roads or streets would have to be maintained and sometimes improved by the proper governmental authority, and that its right to use such public ways was subservient to the right and duty of the proper governmental authority to maintain and improve these roads or streets so that they might best serve the main purposes for which they were intended, that of travel and transportation.

■ The District, owing the duty of making its lines conform with the plans of the County or City for maintaining and improving such roads or streets, must necessarily pay the costs of the necessary changes in its lines. Houston & T. C. R. Co. v. City of Dallas, 98 Tex. 396, 84 S.W. 648, 70 L.R.A. 850; City of San Antonio v. San Antonio St. R. Co., 15 Tex.Civ.App. 1, 39 S.W. 136.

The authorities cited by appellee are not in point and in no way hold that a utility company cannot be required at its own expense to conform its lines to the street improvement plans of a City, so long as such plans are reasonable and do not constitute an abuse of discretion.

District contends that it was created by an act of the Legislature before the City extended its limits and took in the territory where it had built its system, and therefore its rights were vested before the City acquired any authority over the territory it now occupies. We wish to here call attention to the fact that Section 29 of the Act (Chapter 306, Acts of the 49th Legislature 1945, Art. 8280–126 Vernon's Ann. Civ.Stats.) provides as follows:

"Nothing contained in this Act shall be construed to diminish, or in any other manner affect, the power of the City of San Antonio to operate its municipal water supply system, nor the use of the subterranean waters of the City of San Antonio. Nor shall anything contained in this Act be construed to affect, diminsh or repair any of the other powers now vested in the City of San Antonio by its Charter and the Statutes of the State of Texas, nor as amending or repealing any law relating thereto."

■ Regardless of this provision, District laid its mains and other lines along public roads which have since become City streets by the process of annexation, and under all the circumstances the City has the right and duty to maintain and improve these streets so as to make them serve the primary purposes for which they are intended. District placed its lines under a public road and is charged with knowledge that in the maintaining and improving of such road it may be required to change or alter its lines. When the City annexed the road it succeeded to all authority over the road that the County theretofore held.

The trial court erred in requiring the City to pay the expenses of making the District's lines conform to the plans of the City to improve its streets.

Accordingly, the judgment of the trial court will be amended to provide that such expenses shall be borne by the District, and as thus amended the judgment will be affirmed.