**TRAVIS–WILLIAMSON COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 1, Appellant,**

v.

**The STATE of Texas et al., Appellees.**

No. 10994.

Court of Civil Appeals of Texas.

Austin.

July 18, 1962.

Rehearing Denied Aug. 20, 1962.

David L. Tisinger, Austin, for appellant.

Will Wilson, Atty. Gen., H. Grady Chandler, Asst. Atty. Gen., Austin, for appellees.

HUGHES, Justice.

This suit was brought by the State of Texas and the Texas Highway Commission against the Travis-Williamson County Water Control and Improvement District No. 1[1] to require the District to remove from the right of way of U. S. Highway 183 at its own expense, certain water pipelines which the District had, with permission of the State, buried in such right of way. Pending trial of this suit an agreement was entered into between the parties reciting that certain contemplated improvements to U. S. Highway 183 by the State Highway Commission required the removal of certain of the water pipelines laid as above indicated, that the District did not "believe that it is required, at its own expense, to remove, encase, or relocate said lines as directed" by the State Highway Department and that it was without funds to comply with such directions. It was therefore agreed that:

"1. The District does not at this time have funds or money to pay for the cost of the removal or relocation of said pipelines as same are needed to be removed or relocated and it cannot determine when it will have such funds.

"2. The pipelines aforesaid may be removed by the Highway Department to another location on the new right of way of Highway 183, which location is to be determined by the State Highway Department.

"3. The State Highway Department will proceed to call for bids for the removal and relocation of said pipelines as aforesaid, which bids are to be called for and contract awarded by the Highway Commission in the manner now required by law and the Highway Commission to enter into contracts for construction of highways. Such contract shall be separate from the contract for the relocation, construction, and re-

construction of said Highway 183, and may be let, and work begun thereon, at any time after the execution of this contract.

"4. If the courts, on final determination of said cause aforesaid, hold that the District is under obligation and required to remove and relocate said pipelines as aforesaid at its own expense, then and in such event the District agrees to reimburse the State and the State Highway Department for the amount said department is required to expend under said contract for removing and relocating said pipelines, and further agrees that the amount paid by the Highway Department under its contract for such removal and relocation shall be a debt of the District due and owing to the State and the State Highway Department and is to be a liquidated amount for which the District is to be liable to the State and the State Highway Department. In the event the courts hold on final determination of said cause that the District is not required to remove said pipelines at its own expense, then the District shall not be liable for said costs."

This agreement was complied with by the State. The water pipelines of the District located on U. S. Highway 183, the removal of which had been directed, were removed, as agreed, the cost of such removal to the State being $40,269.91, which it has paid.

The judgment below was for the State for $40,269.91 with interest thereon from April 17, 1961, at 6% per annum, and awarding a writ of mandamus against the directors of the District to assess and collect taxes to satisfy such judgment by the payment of three equal annual installments.

There are no disputed facts. It was stipulated that the following allegation in the State's original petition is factually true:

"That on portions of said U. S. Highway 183 from the North city limits of

1. Created by Legislative Act, 54th Leg., Reg.Sess. ch. 401, p. 1067 (1955). Art. 8280–178, Vernon's Ann.Civ.St.

the City of Austin, Travis County, Texas, to 0.3 miles Northwest of the line between Travis and Williamson counties, the District made application dated January 30, 1956, to the Commission through the District Engineer of District 14 of the Department to install water pipelines within the lines of the right of way of said U. S. Highway 183 and other roads in Travis and Williamson counties. That approval was given said District to locate said pipelines thereon by Permit No. 14–56–24 dated January 30, 1956, in accordance with the conditions and provisions contained therein, one of which provided: 'and it is further understood that the State Highway Department may require the owner at its own expense to relocate this line, subject to provisions of governing laws, by giving thirty days written notice.' That thereafter said District did install said lines in the right of way of said U. S. Highway 183 and other roads in Travis and Williamson counties."

The first point made by the District is that the effect of the judgment rendered is to permit one public authority to exercise the power of eminent domain against another public authority, and without compensation.

Its second point is that the judgment is erroneous because the District had statutory authority to lay its water lines on the right of way of U. S. Highway 183.

The District's sixth point of error is that the judgment is erroneous because some of the removed water lines may have been placed on new rights of way acquired by the State after the original placement of the Water District's lines.

These three points are jointly brief and will be considered together.

The statutory authority cited by the District is Art. 7585, V.A.C.S. which we quote:

"All persons, associations of persons, corporations, and water improvement or irrigation districts shall have the right to run along or across all roads and highways necessary in the construction of their work, and shall at all such crossings construct and maintain necessary bridges, culverts, or siphons, and shall not impair the uses of such road or highways; provided, that if any public road or highway or public bridge shall be upon the ground necessary for the dam site, reservoir, or lake, it shall be the duty of the commissioners' court to change said road and to remove such bridge that the same may not interfere with the construction of the proposed dam, reservoir, or lake; provided, further, that the expense of making such change shall be paid by the person, association of persons, corporation, water improvement or irrigation district desiring to construct such dam, lake or reservoir."

The State suggests that this statute applies only to irrigation ditches and not to water pipelines. We do not pursue this suggestion for the reason that even though applicability of the statute be conceded it does not furnish authority for exempting the District from the cost of removing its water lines from the right of way when such removal is properly required.

It is to be noted that this statute regulates the use of the roads and highways by water districts by providing that such use "shall not impair the uses of such roads or highways." It would seem to follow that if such use does impair the use of the highway that the District would have to remedy the situation.

More important, however, it is to be noted that this statute does not mention the removal of any improvements placed on the highway by Water Districts or, of course, the liability for the cost of such removal.

The effect of this statute is to grant Water Districts permission to use the right of way of a highway necessary in the construction of its work. This statute goes

no further, and, in our opinion, is not decisive of the present problem.

The State relies, in part, upon Art. 1433, V.A.C.S. This statute reads, in part:

"Any water corporation * * * is further authorized to lay its pipes, mains and conductors and other fixtures for conducting water through, under, along, across and over all public roads, streets and waters lying and situated outside the territorial limits of any such city, town, or village in such manner as not to incommode the public in the use of such roads, streets and waters. Any such corporation shall notify the State Highway Commission, or the Commissioners Court having jurisdiction, as the case may be, when it proposes to build lines along the right of way of any State Highway, or county road, outside the limits of an incorporated city or town, whereupon the Highway Commission, or the Commissioners Court may, if it so desires, designate the place along the right of way where such lines shall be constructed. The public agency having jurisdiction or control of a highway or county road, that is, the Highway Commission or the Commissioners Court, as the case may be, may require any such corporation, at its own expense, to relocate its lines on a State Highway or county road outside the limits of an incorporated city or town, so as to permit the widening or changing of traffic lanes, by giving thirty (30) days written notice to such corporation and specifying the line or lines to be moved, and indicating the place on the new right of way where such line or lines may be placed."

■ It is our opinion that appellant is a "water corporation" within the purview of this statute. The Act creating appellant provides that it is a "conservation and reclamation district" created pursuant to Art. 16, Sec. 59 of the Texas Constitution,

Vernon's Ann.St., and that it is "a governmental agency, a body politic and corporate, and a municipal corporation." It is also provided that the District should have and exercise all the rights, powers, privileges and duties conferred and imposed by the General Laws of Texas, present and future, applicable to water control and improvement districts created under the above cited constitutional provision.

It is clear to us that appellant is a corporation whose rights and duties appertain solely to water, and hence is a water corporation.

This conclusion is confirmed by the conduct of appellant in complying with the statute in the installation of its water lines on the highway right of way.

We direct attention also to Art. 1433a, V.A.C.S., which applies to incorporated cities and towns in the same manner as Art. 1433 applies to water corporations. It would be strange legislative policy which would exempt water districts such as appellant, a municipal corporation, from liabilities imposed on other municipal corporations such as incorporated cities and towns. We are confident that the Legislature did not so discriminate.

In further corroboration of our construction of Art. 1433 and proof of consistent legislative policy is recently enacted H.B. 45, Ch. 28, p. 73, Acts 57th Leg., 3rd Called Sess., 1962, Vernon's Ann.Civ.St. art. 1581f, which provides that counties may lend to water control and improvement districts the cost of relocating water lines required by the construction or improvement of farm-to-market roads. This statute assumes the liability of the water districts for the cost of relocating water lines placed on the farm-to-market road right of way.

■ While we have no doubt of the existence of statutory liability of the District for the cost of relocating its water lines under the facts of this case, the lia-

bility would be the same if there was no such statute. We quote from State of Texas v. City of Austin, 160 Tex. 348, 331 S.W.2d 737:

"In the absence of assumption by the state of part of the expense, it is clear that respondents could be required to remove at their own expense any installations owned by them and located in public rights of way whenever such relocation is made necessary by highway improvements. See City of San Antonio v. Bexar Metropolitan Water District, Tex.Civ.App., 309 S.W.2d 491 (wr. ref.); City of San Antonio v. San Antonio St. R. Co., 15 Tex.Civ.App. 1, 39 S.W. 136 (wr. ref.); State of Tennessee v. United States, 6 Cir., 256 F.2d 244. As pointed out in the Bexar Metropolitan Water District case, the main purposes of roads and streets are for travel and transportation. While public utilities may use the same for laying their lines, such use is subject to reasonable regulation by either the state, the county or the city, as the case may be. The utility may always be required, in the valid exercise of the police power by proper governmental authority, to remove or adjust its installations to meet the needs of the public for travel and transportation."

The District has not pointed to any fact which suggests that the State has assumed all or any part of the expense of relocating its water lines as legally required by the State Highway Commission, nor are we cognizant of any such fact.

We believe that appellant is precluded by its agreement, above, from urging its sixth point which, as we understand it, is that the District is being asked to pay for removing its water lines from new rights of ways purchased by the State where it crosses old county roads and on which the water lines of the District were then laid. In addition to that portion of the agree-ment between the parties previously copied, we quote:

"WHEREAS, it is agreed by and between the State and the District that in order to reconstruct and widen said Highway 183 according to proper highway construction, it is necessary and proper that the pipelines of the District be removed and relocated as proposed by the State Highway Commission and as demanded of the District and said counties as aforesaid and as set out in plaintiffs' original petition in said cause aforesaid."

The State had pleaded that the Commissioners Court of Travis County had reached conclusions respecting the county roads under its jurisdiction similar to those made by the State Highway Commission regarding the improvement of State Highway 183, and that the county had made demands upon the District, similar to those made by the State, for the removal and relocation of its water lines.

We also copy from a filed stipulation of the parties:

"In order that United States Highway No. 183 in Travis and Williamson Counties, Texas, may be reconstructed as set out in Plaintiffs' Original Petition, and according to proper highway construction, it is necessary that the pipelines of defendant of a total distance of approximately one mile be removed and relocated at other places on the new right of way of said highway so that said lines will not be under the traveled portion of said highway except at places where said lines are to cross under said highway and not run parallel with said highway."

We also call attention to an undenied finding by the Trial Court contained in its judgment that the District had "made an oral stipulation in Court agreeing with plaintiff that the only issue in the suit is whether the defendant is required by law

at its own expense to remove the pipelines involved in said suit."

We overrule the three points under discussion.

Appellant's third, fourth and fifth points of error, jointly briefed, are that the Court erred in granting and issuing a writ of mandamus directed to the officials of the District commanding them to collect taxes to satisfy the money judgment rendered against the District.

Art. XVI, Sec. 59(c) authorizes water districts to levy and collect taxes " * * * for the maintenance of such districts and improvements * * *."

The judgment here does not direct the District to "levy" the required taxes but only to assess and collect such taxes. The State requests and the District does not object to the amendment of the judgment so as to insert the word "levy" in the appropriate places. We grant this request, and so amend the judgment.

It is our opinion that the debt represented by the judgment herein was incurred for the maintenance of the District and its improvements. Neither the District nor the improvements (water lines) would have functional value unless they were kept in condition to transport and distribute water. Anything reasonably necessary to accomplish this would, in our opinion, be considered within the constitutional meaning of "maintenance." Since the State had the authority to require the District to remove its water lines from the right of way, it had the right of self help in the event the District refused. If this right had been exercised, the District and its water lines would have ceased operation. Fortunately, common sense and prudence was exercised by the District and the State resulting in the agreement made by the parties. The making of such agreement did not alter the basic facts.

[5] In Chapter 3A, Water Control and Improvement District, Art. 7880-136, V.A.

C.S., provides that, "In the event that any court within the State shall render any judgment of debt against any district such court may order the directors of such district to levy, assess and collect taxes or assessments to provide for the payment thereof."

It is our opinion that this statute specifically authorized the Trial Court to award the writ of mandamus shown by its judgment.

We overrule these points, and finding no error, we affirm the judgment of the Trial Court amended as above indicated.

Judgment amended, and as amended, affirmed.