**BENBROOK WATER AND SEWER AUTHORITY, Appellant,**

v.

**CITY OF BENBROOK, Appellee.**

No. 2–82–101–CV.

Court of Appeals of Texas, Fort Worth.

April 28, 1983.

Cue Lipscomb, Fort Worth, for appellant.

Kerry & Harrison and Henry E. Kerry, Fort Worth, for appellee.

Before HUGHES, JORDAN and BUR-DOCK, JJ.

## OPINION

JORDAN, Justice.

This is a suit brought by appellee City of Benbrook, referred to hereafter as City or Benbrook, against appellant Benbrook Water and Sewer Authority, hereafter called Authority, under Tex.Rev.Civ.Stat. Ann. art. 2524–1 (1965), known as the Uniform Declaratory Judgments Act for declaratory relief. The trial court rendered judgment against appellant for the sum of $7,868.52, representing the cost of relocating the water and sewer lines and appurtenances thereto associated with the improvement of Mercedes Street in Benbrook, plus interest from judgment at the rate of nine percent (9%) per annum. The trial court also declared under the provisions of art. 2524–1 that the judgment also applied to further improvement or reconstruction of public streets within the corporate limits of the City of Benbrook, and that when such improvements or reconstruction of those public streets was made, that the water and/or sewer lines and appurtenances thereto owned by appellant and located in or under the public right of way would be relocated or adjusted by appellant Authority at its own expense.

The cause was tried by the court sitting without a jury on an agreed stipulation of all necessary facts.

The appeal is based on three points of error.

We affirm.

The City of Benbrook is a general law city incorporated under the laws of the State of Texas situated geographically within the confines of Tarrant County, Texas. The City does not provide water or sewer service within its boundaries.

The Benbrook Water and Sewer Authority is a Conservation and Reclamation District established under and by virtue of Tex.Rev.Civ.Stat.Ann. art. 8280–163 (1959). It is vested with all the rights, powers, and privileges conferred by the general laws of this state applicable to water control and improvement districts created under authority of the Tex. Const. art. 16, § 59. The Authority is the sole supplier of the public water and sewer facilities within the geographical limits of the City. Even though both the City and the Authority serve essentially the same population, they are distinct and separate government entities with no overlap of control or direction.

The parties stipulated, among many other things, jurisdiction of the court of this cause of action and of the parties hereto, and the existence of a justiciable controversy under art. 2524–1.

The stipulated facts show that prior to February 1, 1979, the City undertook a somewhat extensive project involving improvement, reconstruction and alteration of numerous streets within the City, and the citizens of Benbrook approved a bond issue to pay for such street reclamation project. Prior to April, 1979, the City had applied for and received federal grant money under the community development program for funding incident to the widening and improvement of Mercedes Street in Benbrook. No part of this application contained any request for, nor was it contemplated that federal money being applied for by the City would be utilized in any manner for, related to, or incident to the cost of relocating the various lines owned by the Authority located either in or contiguous to Mercedes Street.

All water and sewer lines located within the City, as well as appurtenances thereto, save and except lateral lines running from the main to a user are owned, maintained and regulated by the Authority. The water and sewer lines and appurtenances thereto owned by the Authority involved in this controversy were all located within the public right of way of Mercedes Street, a dedicated public street within the corporate limits of the City.

Mercedes Street was the first street the City decided to reconstruct, and in order to accomplish this task, it was necessary to relocate the water and sewer lines and ap-

purtenances thereto, at a cost estimated by the City's engineers of $7,868.52. City made demand upon the Authority to relocate their water and sewer lines in question located within Mercedes Street, according to the plans and specifications prepared by the City engineers. The Authority declined to relocate at its own cost the water and sewer lines in Mercedes Street. The City then completed the improvement, widening and reconstruction of Mercedes Street, relocating the water and sewer lines, in compliance with the City engineer's design criteria, plans and specifications. The reasonable and necessary costs of this water and sewer line relocation was $7,868.52.

Although the City had not applied for federal funds to pay for the relocation of the water and sewer lines owned by the Authority, federal funds had been received by the City for the widening and reconstruction of Mercedes Street in general. When the Mercedes Street project was completed, there remained sufficient federal funds available to cover the cost of relocating the water and sewer lines. It was stipulated that substantially all of the cost of the water and sewer lines was in fact paid for by the City from the federal funds.

After the costs of relocating the water and sewer lines had been paid for by the City, the City again made demand on the Authority for reimbursement of such costs. The Authority again refused such demand.

The question for decision by this court, given the above facts, is, when the reconstruction or improvement of a publicly dedicated street requires relocation of water and sewer lines owned by a distinct governmental entity, in this case the Authority, which governmental entity must bear the reasonable cost of the relocation of such facilities?

Appellant's first point of error asserts that the trial court erred in holding that appellee City would not be unjustly enriched if appellant was required to pay the costs of relocating the Mercedes Street water and sewer lines. The Authority maintains that since the cost of relocating these lines was actually paid for by the City

with federal funds, even though such relocation funds had not been requested of the federal agency, the City has not been harmed or damaged. We reject this argument, holding that a question of unjust enrichment is not presented here for the reason that under the law, as will be seen from our discussion of appellant's second point of error below, the Benbrook Water and Sewer Authority was required to remove or relocate their facilities at their own expense from public highways and streets where necessary for improvement for public use and convenience. The main purposes of roads and streets are for travel and transportation, and while public utilities may use such roads and streets for the laying of their telegraph, telephone and water lines, and for other purposes, such uses are subservient to the main uses and purposes of such roads and streets.

If, as we hold the law requires, the Authority is obligated to relocate and remove their water and sewer lines at their own expense, they have no standing or right to complain of unjust enrichment even if there are other funds available for these relocation costs. It is not a question of the City being unjustly enriched, or not entitled to certain other funds, as in this case the federal funds, but instead is a matter of the requirement of the law that these costs be borne by the Authority.

Appellant's first point of error is overruled.

In its second point of error appellant contends that the trial court erred in rendering judgment against appellant for the $7,868.52 cost of relocating the Authority's water and sewer lines, on the theory that the assessment for such costs against appellant was not a valid exercise of the police power by appellee City.

Appellant takes the position that it, like the City, is a separate governmental entity, just as much a political subdivision of the State as is the City. Accordingly, appellant argues, its right to use city streets to install facilities inuring to the benefit of the public is not subservient to, but is equivalent to

the City's right of maintaining the streets. There is no question that the Authority, created by statute, is a separate and distinct governmental entity, with certain designated rights, privileges, and powers. However, as will be seen, we do not agree that its right to use city streets is not subservient to, but is equivalent to, the City's right of maintaining the streets.

■ The Legislature has clearly decreed which governmental entity, each possessing a police power of its own, shall exercise dominion over streets. Tex.Rev.Civ.Stat. Ann. art. 1433 (1980) refers to the use of the streets by water corporations as a "privilege" to be exercised with the consent of the governing body, city, town or village where located.

Tex.Rev.Civ.Stat.Ann. art. 1436 (1980) provides that a water corporation "shall have the right and power to enter upon, condemn and appropriate the lands, right-of-way, easements and property . . . to erect its lines over and across any public road, . . . any street or alley of any incorporated city or town in this State *with the consent and under the direction of the governing body of such city or town.*" [Emphasis added.] Tex.Rev.Civ.Stat.Ann. art. 1016 (1963), which applies to general law cities such as the City of Benbrook, provides, in pertinent part: "Any city or town incorporated under the general laws of this State *shall have the exclusive control and power over the streets, alleys, and public grounds and highways of the city or town,* . . ." [Emphasis added.]

In each instance the City is given exclusive dominion and control over its streets, and the Legislature has clearly demonstrated that the police power of the City over its streets is dominant. This is because the basic purpose of a street is to facilitate and expedite travel and transportation of people and not for the purpose of transporting sewage and drinking water.

The leading case on the question involved here is *State v. City of Austin, State v. City of Dallas,* 160 Tex. 348, 331 S.W.2d 737 (Tex.1960), two consolidated cases decided by the Supreme Court the same day. This case involved the constitutionality of a statute (Tex.Rev.Civ.Stat. art. 6674w–4) which provided that the relocation of utility facilities necessitated by the improvement of highways established as part of the National System of Interstate and Defense Highways shall be made by the utility at the cost and expense of the state provided such relocation is eligible for federal participation. The statute was upheld, the court saying at 741:

In the absence of assumption by the state of part of the expense, it is clear that respondents [Cities of Austin and Dallas] could be required to remove at their own expense any installations owned by them and located in public rights of way whenever such relocation is made necessary by highway improvements. See *City of San Antonio v. Bexar Metropolitan Water District,* Tex.Civ.App., 309 S.W.2d 491 (wr. ref.); *City of San Antonio v. San Antonio St. R. Co.,* 15 Tex.Civ.App. 1, 39 S.W. 136 (wr. ref.); *State of Tennessee v. United States,* 6 Cir., 256 F.2d 244. As pointed out in the Bexar Metropolitan Water District case, the main purposes of roads and streets are for travel and transportation. While public utilities may use the same for laying their lines, such use is subject to reasonable regulation by either the state, the county or the city, as the case may be. *The utility may always be required, in the valid exercise of the police power by proper governmental authority, to remove or adjust its installations to meet the needs of the public for travel and transportation.* [Emphasis added.]

In *City of San Antonio v. Bexar Metropolitan W. Dist.,* 309 S.W.2d 491 (Tex.Civ. App.—San Antonio 1958, writ ref'd), the court held that the water district was required at its own expense to conform its water mains in city streets to improvements in such streets made by the city. The court said at 493:

The District, owing the duty of making its liens conform with the plans of the County or City for maintaining and improving such roads or streets, must neces-

sarily pay the costs of the necessary changes in its lines.

See also *West Texas Utilities Company v. City of Baird,* 286 S.W.2d 185 (Tex.Civ.App. —Eastland 1956, no writ); *Travis-Williamson Water Control District v. State,* 359 S.W.2d 528 (Tex.Civ.App.—Austin 1962, writ ref'd n.r.e.); *City of Grand Prairie v. American Telephone & Tel. Co.,* 405 F.2d 1144 (5th Cir.1969).

 For the reasons stated, we hold that the trial court properly held that under the law it was the duty of the Authority, under the stipulated facts of this case, to bear the cost of removing and relocating its water and sewer lines in connection with the reconstruction and improvement by the City of Mercedes Street. Appellant's second point of error is overruled.

Appellant complains in its third point of error that the trial court erred in holding that Tex.Rev.Civ.Stat.Ann. art. 5190.1 (Supp.1982) does not apply to the City of Benbrook's street reconstruction project. Appellant argues that § 16 of that act provides that if any city, county, or other political subdivision, relocates, raises, lowers, reroutes, or changes the grade of or alters the construction of any highway, electric transmission line, or pipelines, all such necessary work shall be accomplished at the sole expense of the city, county, or other political subdivision.

We agree with the trial court that this act has no application to this case. The obvious purpose of art. 5190.1 is to establish a vehicle for financing of industrial, medical and research enterprises through the issuance of revenue bonds by certain cities. This case did not involve approval of industrial and health revenue bonds. The title of the act indicates that this is special legislation, the purpose of which is to develop employment, industrial and health resources. It relates to the promotion of industrial development, employment, public health and research by certain political subdivisions of the state.

Article 5190.1 in no way relates to or concerns the construction, reconstruction, improvement, or alteration of city or county

streets or highways, and does not alter in any respect the well established law regarding the responsibility for the costs of relocating utility lines when required for the reconstruction, alteration, or improvement of city streets.

Appellant's third point of error is overruled.

 We also agree with the holding of the trial court in applying the rule of law here announced to the improvement, alteration, or reconstruction of all streets within the city limits of the City of Benbrook, and not just to Mercedes Street, which is the street directly involved in this case. We can see no reason for any distinction, insofar as the law involved here is concerned, between the improvement or reconstruction of Mercedes Street and the improvement or reconstruction of any other City of Benbrook street.

The judgment is affirmed.