OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



September 12, 2002

The Honorable Ron Lewis
Chair, Energy Resources Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0556

Re: Whether a particular special district must notify or obtain various political subdivisions' consent before laying new or repairing existing water or sewer facilities located in county or municipal right-of-way, and related questions (RQ-0530-JC)

Dear Representative Lewis:

Section 49.220 of the Water Code gives a water district created under article XVI, section 59 of the Texas Constitution "rights-of-way within, along, under, and across all public" county or municipal roads "and rights-of-way and other public rights-of-way." TEX. WATER CODE ANN. § 49.220 (Vernon 2000); *see also id.* § 49.001(a)(1) (defining "district"). Section 402.104 of the Local Government Code requires a water corporation to notify the county commissioners court when the corporation proposes to "build a water line along" county-road right-of-way. TEX. LOC. GOV'T CODE ANN. § 402.104(b)(2) (Vernon 1999). You ask whether a special utility district, which is an article XVI, section 59 water district and a water corporation for the purposes of chapter 402 of the Local Government Code, must "obtain verbal approval or a written permit from a county, drainage district, city[,] or any political subdivisions other than the State of Texas, to install, extend, construct[,] or repair existing or new water and sewer mains, taps, or other apparatuses located within county rights-of-way."[1]

Assuming that you ask only about county right-of-way located outside a municipality, we conclude that section 402.104 of the Local Government Code requires a district or water supply corporation to notify the county before laying new fixtures within the right-of-way. Nevertheless, the district is not required to notify the county before repairing existing fixtures. Aside from the Texas Department of Transportation, no other political subdivision, such as a municipality, has authority over county right-of-way located outside a municipality.

You also ask whether, if such a special utility district "finds it absolutely necessary to ['open cut['] all or part of a county or city road," the district must obtain "verbal approval or a written

---

[1]Letter from Honorable Ron Lewis, Chair, Energy Resources Committee, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (Apr. 3, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

permit from a county or city." Request Letter, *supra* note 1, at 1. Section 402.103 of the Local Government Code requires the district to obtain the municipality's approval in accordance with municipal regulations before the district lays pipes, mains, or conductors in municipal right-of-way. *See* TEX. LOC. GOV'T CODE ANN. § 402.103(b) (Vernon 1999); *cf. id.* § 402.104(b). With respect to county right-of-way located outside a municipality, however, the district need only notify the county, consistently with Local Government Code section 402.104, if the district plans to lay water lines.

Finally, you ask whether, if "a county, drainage district, city[,] or any other political subdivision requests" a special district to remove or relocate new or existing facilities located "within county right-of-way," the special district may require the other political subdivision to reimburse the district for the cost of removing or relocating the facilities. Request Letter, *supra* note 1, at 2. The district generally bears the costs of removing or relocating facilities when a county or municipality requests the removal or relocation. *See* TEX. LOC. GOV'T CODE ANN. § 402.105(b) (Vernon 1999); *City of San Antonio v. Bexar Metro. Water Dist.*, 309 S.W.2d 491, 493 (Tex. Civ. App.–San Antonio 1958, writ ref'd). *But see* TEX. TRANSP. CODE ANN. § 251.103 (Vernon 1999) (providing circumstances in which county may pay costs of relocating water lines).

You inquire into the nature of a county's authority to require a special utility district to get the county's permission before the district works within county right-of-way, as well as the approval authority of other political subdivisions. Your questions concern, in particular, the Mauriceville Special Utility District (the "MSUD"), which, you state, "provides water and sewer service to portions of Orange, Jasper, and Newton counties." Request Letter, *supra* note 1, at 1. According to your letter, the Orange County Commissioners Court requires the district to "obtain a written permit prior to doing any work within county-maintained rights-of-way." *Id.*

The MSUD is a conservation and reclamation district under article XVI, section 59 of the Texas Constitution. Originally created in 1991 as the Mauriceville Water Supply Corporation by order of the Texas Water Commission, *see* TEX. WATER CODE ANN. § 67.003 (Vernon Supp. 2002); Tex. Water Comm'n, *Uncontested Agenda*, Item 17 (May 22, 1991); *cf.* TEX. REV. CIV. STAT. ANN. art. 1434a (repealed), it was converted to a special utility district by the Texas Natural Resource Conservation Commission in 1994. *See* Tex. Nat. Res. Conservation Comm'n, *An Order Granting Request for Conversion to and Creation of Mauriceville Special District; Appointing Temporary Directors; Amendment and Transfer Certificate of Convenience and Necessity No. 11722*, Docket No. 94-0492-DIS (Dec. 12, 1994); *see also* TEX. WATER CODE ANN. §§ 65.011, .014 (Vernon 1988 & Supp. 2002) (authorizing water supply corporation to propose to Texas Natural Resources Conservation Commission that it be converted into special utility district). A special utility district created by such a conversion "is considered a conservation and reclamation district under Article XVI, Section 59, of the Texas Constitution." TEX. WATER CODE ANN. § 65.011 (Vernon 1988).

Consequently, the MSUD is subject to chapter 49 of the Water Code, which includes section 49.220 of the Water Code. *See* TEX. WATER CODE ANN. § 49.001(a)(1) (Vernon 2000) (defining "district" to include any district created under Texas Constitution article XVI, section 59); Request Letter, *supra* note 1, at 1 (quoting section 49.220). Section 49.220 applies to "[a] district

or authority created" under article XVI, section 59 of the Texas Constitution. TEX. WATER CODE ANN. § 49.001(a)(1) (Vernon 2000) (defining "district"); *see also id.* § 49.002(a) (providing that chapter 49 applies, in general, to "all general and special law districts"). Section 49.220 of the Water Code gives a district certain rights-of-way:

> All districts or water supply corporations are given rights-of-way within, along, under, and across all public, state, county, city, town, or village roads, highways, and rights-of-way and other public rights-of-way without the requirement for surety bond or security; provided, however, that the entity having jurisdiction over such roads, highways, and rights-of-way may require indemnification. A district or water supply corporation shall not proceed with any action to change, alter, or damage a portion of the state highway system without having first obtained the written consent of the Texas Department of Transportation, and the placement of any facility of a district or water supply corporation within the state highway right-of-way shall be subject to department regulation.

*Id.* § 49.220; *see id.* § 49.001(a)(10) (defining "District facility").

Read in isolation, section 49.220 appears to authorize a district to use right-of-way without seeking approval from an entity other than the state Department of Transportation. *See id.* § 49.220; *cf.* Tex. Att'y Gen. Op. No. M-508 (1969) at 2-3 (construing analogous statute). Because the section does not expressly require a district to obtain approval from a county, city, or political subdivision other than the Department of Transportation, it may be argued that a district need not seek the approval of an entity other than the Department of Transportation. *See* 2A NORMAN J. SINGER, STATUTES AND STATUTORY CONSTRUCTION § 47.23 (6th ed. 2000) (explaining maxim "expressio unius est exclusio alterius"). In addition, section 49.220 does not expressly make the district's right-of-way subservient to any other right-of-way holder. The term "right-of-way," although not defined in chapter 49 of the Water Code, generally means that the holder has a "legal right . . . to pass through grounds or property owned by another." BLACK'S LAW DICTIONARY 1326 (7th ed. 1999); *see* TEX. GOV'T CODE ANN. § 311.011 (Vernon 1998) (providing for defining words in statutes); *cf. Tex. Elec. Ry. Co. v. Neale*, 252 S.W.2d 451, 454 (Tex. 1952); *S.H. Oil & Royalty Co. v. Tex. & New Orleans R.R. Co.*, 295 S.W.2d 227, 230-31 (Tex. Civ. App.–Beaumont 1956, writ ref'd n.r.e.).

But the MSUD is also a water corporation subject to chapter 402 of the Local Government Code. Section 402.103 of the Local Government Code requires a water corporation to obtain a municipality's consent before laying water system facilities in municipal right-of-way:

> A water corporation may lay water system pipes, mains, or conductors through a street, alley, lane, or square of a municipality if the governing body of the municipality consents, subject to any regulation by the governing body.

TEX. LOC. GOV'T CODE ANN. § 402.103(b) (Vernon 1999); *see also* TEX. TRANSP. CODE ANN. §§ 311.001-.002 (Vernon 1999) (providing home-rule and general-law municipalities with "exclusive control over and under the public highways, streets, and alleys of the municipality."); TEX. REV. CIV. STAT. ANN. art. 1175(1) (Vernon Supp. 2002) (listing among home-rule municipality's powers authority to "prohibit the use of any street, alley, highway, or grounds of the city by . . . any other character of public utility without first obtaining the consent of the governing authorities expressed by ordinance and upon paying such compensation as may be prescribed and upon such condition as may be provided by any such ordinance."). Section 402.104 similarly—but not identically—requires a water corporation to notify a county of its intent to lay water system pipes, mains, conductors, or other fixtures in county right-of-way:

> (a) A water corporation or municipality may lay water system pipes, mains, conductors, or other fixtures through, under, along, across, or over a public road, a public street, or a public waterway not in a municipality in a manner that does not inconvenience the public using the road, street, or waterway.
>
> (b) A water corporation or municipality proposing under this subchapter to build a water line along the right-of-way of a state highway or county road not in a municipality shall give notice of the proposal to:
>
> > (1)    the Texas Transportation Commission, if the proposal relates to a state highway; or
> >
> > (2)    the commissioners court of the county if the proposal relates to a county road.
>
> (c) On receipt of notice under Subsection (b), the Texas Transportation Commission or commissioners court may designate the location in the right-of-way where the corporation or municipality may construct the water line.

TEX. LOC. GOV'T CODE ANN. § 402.104 (Vernon 1999). Although the term "water corporation" is not defined for the purposes of sections 402.103 and 402.104, a county water control and improvement district created under article XVI, section 59 of the Texas Constitution has been held to be one because, according to a court, it is "a corporation whose rights and duties appertain solely to water." *Travis-Williamson County Water Control & Improvement Dist. No. 1 v. State*, 359 S.W.2d 528, 529 n.1, 531 (Tex. Civ. App.–Austin 1962, writ ref'd n.r.e.); *see* Act of May 24, 1955, 54th Leg., R.S., ch. 401, § 1, 1955 Tex. Gen. Laws 1067, 1067 (creating Travis-Williamson County Water Control and Improvement District No. 1). Likewise, the MSUD is considered a district created under article XVI, section 59. *See* TEX. WATER CODE ANN. § 65.011 (Vernon 1988) ("A special utility district . . . is considered a conservation and reclamation district under Article XVI, Section 59 of the Texas Constitution").

Accordingly, a district that is subject to chapter 402 of the Local Government Code, like the MSUD, must obtain a municipality's consent before laying pipes, mains, or conductors in municipal right-of-way and must notify (but need not obtain the approval of) a county before laying water system pipes, mains, conductors or "other fixtures" in county right-of-way located outside a municipality. *See* TEX. LOC. GOV'T CODE ANN. §§ 402.103(b), 402.104(b)(2) (Vernon 1999). This office has construed the statutory predecessor to section 402.104 to endow a water corporation with a *right*, "so far as a county is concerned," to lay its water lines without obtaining a permit from the county, although the county may designate "<u>where</u> on the right-of-way the pipes shall be laid." Tex. Att'y Gen. Op. No. M-1218 (1972) at 2, 5. To "give notice" to a county under section 402.104 indicates that a water corporation must inform the county of its plans, while section 402.103 requires a water corporation to gain a municipality's permission. *Compare id.* § 402.104(b)(2); BLACK'S LAW DICTIONARY 1087-88 (7th ed. 1999) (defining "notice") *with* TEX. LOC. GOV'T CODE ANN. § 402.103(b) (Vernon 1999); BLACK'S LAW DICTIONARY 300 (7th ed. 1999) (defining "consent"). In this way, sections 402.103 and 402.104 of the Local Government Code further define the right-of-way a water corporation has under section 49.220 of the Water Code.

You ask first about the MSUD's authority to work within only county right-of-way. *See* Request Letter, *supra* note 1, at 1. Assuming that you are concerned about county right-of-way located outside municipal limits, we conclude that section 402.104 of the Local Government Code requires the MSUD to notify the county before it lays water lines within county right-of-way, although it need not obtain the county's consent. *See* TEX. LOC. GOV'T CODE ANN. § 402.104(b)(2) (Vernon 1999). The MSUD must lay the fixtures "in a manner that does not inconvenience the public using the road [or] street." *Id.* § 402.104(a). In our opinion, section 402.104 applies to the act of building water lines where none have been before, including by "install[ing], extend[ing], [or] construct[ing]." Request Letter, *supra* note 1, at 1. While section 402.104 does not require a water corporation to notify the county before repairing existing fixtures, the corporation is not forbidden to do so. Excluding the state Department of Transportation, we know of no other statute requiring a district or water supply corporation that has received rights-of-way under section 49.220 of the Water Code to notify another political subdivision that also uses the county right-of-way. No other political subdivision aside from the state Department of Transportation has jurisdiction over county right-of-way that is located outside a municipality. The MSUD must notify the Texas Underground Facility Notification Corporation of any planned excavations as chapter 251 of the Utilities Code requires, however. *See* TEX. UTIL. CODE ANN. ch. 251 (Vernon Supp. 2002); *see also* Tex. Att'y Gen. Op. No. JC-0234 (2000) at 1-2 (discussing requirements of Utilities Code chapter 251).

You ask second about the MSUD's authority to open cut all or part of a county or city road. *See* Request Letter, *supra* note 1, at 1. If the work involves laying water system pipes, mains, conductors, or other fixtures in county right-of-way, the MSUD must notify the county under section 402.104. Moreover, the district may not lay fixtures in a manner that "inconvenience[s] the public using the road [or] street." TEX. LOC. GOV'T CODE ANN. § 402.104(a) (Vernon 1999). And, under section 402.103, the district may not open cut a municipal road until it has obtained the municipality's written approval. *See id.* § 402.103(b). The open cut must comply with municipal regulations. *See id.* Furthermore, the MSUD must notify the Texas Underground Facility Notification Corporation of any planned excavation as chapter 251 of the Utilities Code requires.

*See* TEX. UTIL. CODE ANN. ch. 251 (Vernon Supp. 2002); *see also* Tex. Att'y Gen. Op. No. JC-0234 (2000) at 1-2 (discussing requirements of Utilities Code chapter 251).

We finally turn to your remaining question, regarding the MSUD's authority to seek reimbursement from "a county, drainage district, city[,] or any other political subdivision" that asks the MSUD to remove or relocate "new or existing . . . facilities located within county right-of-way." Request Letter, *supra* note 1, at 2. With respect to "a county road not in a municipality," section 402.105 of the Local Government Code authorizes a county commissioners court to require a water corporation to relocate the corporation's water line at the corporation's own expense "to allow the widening or other changing of a traffic lane." TEX. LOC. GOV'T CODE ANN. § 402.105(a)-(b) (Vernon 1999). To impose this requirement, "the commissioners court . . . must give to the water corporation . . . [thirty] days written notice," which notice "must identify the water line to be relocated and indicate the location on the new right-of-way where the corporation . . . may place the line." *Id.* § 402.105(c).

We consequently conclude that a county may require the MSUD to pay for removing or relocating the district's facilities within county right-of-way, with respect to roads located outside of a municipality. Indeed, a county's authority to pay for relocating a water line is strictly circumscribed:

A county may pay for relocating a water line owned by a water control and improvement district if:

(1) the relocation is necessary to complete construction or improvement of a farm-to-market road as described by Section 256.008; and

(2) the district agrees to pay the county for the relocation costs:

(A) within 20 years; and

(B) with interest at a rate equal to the rate paid by the county on its road and bridge fund time warrants.

TEX. TRANSP. CODE ANN. § 251.103 (Vernon 1999).

With respect to roads located inside a municipality, the municipality may require the MSUD to pay for removing or relocating district facilities. *See City of San Antonio*, 309 S.W.2d at 493 (concluding that metropolitan water district must pay costs of necessary changes in its lines). A municipality has no authority with respect to roads outside its boundaries, however. Additionally, a drainage district or other political subdivision has no general authority to require the MSUD to remove or relocate the district's facilities.

As the court pointed out in *Travis-Williamson County Water Control and Improvement District No. 1 v. State*, the MSUD would bear liability for removing its facilities even if the statutes did not require it. *See Travis-Williamson County*, 359 S.W.2d at 531-32. The primary purpose of public highways, roads, and streets is to enable "'travel and transportation.'" *Id.* at 532 (quoting *State v. City of Austin*, 331 S.W.2d 737, 741 (Tex. 1960)). While a public utility may use right-of-way for laying its lines, this use is "'subject to reasonable regulation by either the state, the county[,] or the city . . . . The utility may always be required, in the valid exercise of the police power by proper governmental authority, to remove or adjust its installations to meet the needs of the public for travel and transportation.'" *Id.* (quoting *City of Austin*, 331 S.W.2d at 741); *see also Hill Farm, Inc. v. Hill County*, 436 S.W.2d 320, 323 (Tex. 1969) (stating that streets' and roads' primary purpose takes priority over the subservient use of rights-of-way for "sewers, pipelines and other methods of transmission and communication that serve the public interest"); *Pittman v. City of Amarillo*, 598 S.W.2d 941, 944 (Tex. Civ. App.–Amarillo 1980, writ ref'd n.r.e.) ("Any use by" entity other than governmental entity with jurisdiction over public street must yield if it interferes with governmental entity's "superior easement rights"); *City of San Antonio*, 309 S.W.2d at 492 ("while public utilities may use . . . roads and streets for the laying of their telegraph, telephone[,] and water lines, . . . , such uses are subservient to the main uses and purposes of . . . roads and streets"). Analogously, this office has explained that an electric utility that "accept[s] the sovereign's benevolence" by placing its electric poles and wires on state highway right-of-way must be prepared to remove and relocate the structures to avoid interfering with the state's widened or relocated highway. Tex. Att'y Gen. Op. No. O-2978 (1941) at 7. These considerations would not apply, on the other hand, to a drainage district and a political subdivision other than the state Department of Transportation, a county, or a municipality that do not use the right-of-way for its primary travel-oriented purpose.

## S U M M A R Y

A district created under article XVI, section 59 of the Texas Constitution has the right to use public right-of-way under section 49.220 of the Water Code, but the district, as a water corporation, is subject to the requirements of chapter 402 of the Local Government Code when it wishes to lay water system facilities. For those activities to which chapter 402 applies, a water corporation must obtain the consent of a municipality or notify a county that has the primary right-of-way. With respect to the laying of fixtures within the county's right-of-way, the district may not "inconvenience the public using the road [or] street." TEX. LOC. GOV'T CODE ANN. § 402.104(a) (Vernon 1999).

A county or municipality may require a district or water supply corporation with rights under section 49.220 of the Water Code to remove or relocate the district's or corporation's facilities at the expense of the district or corporation.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee